UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Sep 30, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. 13-60244-CR-MARRA/MATTHEWMAN

49 U.S.C. § 5124
18 U.S.C. § 2
49 C.F.R. § 172.702(a)
49 C.F.R. § 172.704(a)
49 C.F.R. § 176.13.
49 C.F.R. § 176.100
33 C.F.R. § 126.17

UNITED STATES OF AMERICA

v.

COSTAL SHIPPING HOLDINGS, LLC,

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### Background

At all times relevant to this Information:

1. The Federal Hazardous Materials Transportation Law ("FHMTL"), Title 49, United States Code, Section 5101 et seq., was enacted by Congress to provide adequate protection against the risks to life and property inherent in the transportation of hazardous materials in commerce, as defined in Title 49, Code of Federal Regulations, Section 171.8. The FHMTL designates materials, including explosives, as hazardous when transported in a particular amount and form and which may pose an unreasonable risk to health and safety or

property. Title 49, United States Code, Section 5103(a). The FHMTL also prescribes criminal penalties for anyone who willfully violates the hazardous materials regulations. Title 49, United States Code, Section 5124.

2. Title 49, Code of Federal Regulations, Sections 100 through 185, set forth the regulations for transportation of hazardous materials in intrastate, interstate, and foreign commerce, including transportation by public highway, motor vehicle and vessel. Any person who transports hazardous materials by public highway for a commercial purpose must ensure that the hazardous materials shipment is properly classified, described, packaged, marked, labeled, and in condition for shipment in accordance with the hazardous materials rules and regulations.

3. The Hazardous Materials Table, contained in Title 49, Code of Federal Regulations, Section 172, identifies materials that are classified as hazardous and, therefore, regulated. Division 1.1 and 1.2 (explosive) materials are subject to the hazardous materials regulations. Title 49, Code of Federal Regulations, Sections 172.101, 172.328, and 173.120.

4. Title 49 of the Code of Federal Regulations sets forth specific regulations that govern the transportation of hazardous materials:

    a. A hazmat employer must ensure that each of its hazmat employees is trained to be familiar with the requirements of the Hazardous Materials Regulations specifically applicable to the functions the employee performed, including the transportation of hazardous materials onboard

2

                a vessel. Title 49, Code of Federal Regulations, Sections 172.702(a), 172.704(a), and 176.13.

      b.      Division 1.1 and 1.2 (explosive) materials may not be loaded on or unloaded from a vessel at a port and place in the United States without the approval of and a permit issued by the United States Coast Guard Captain of the Port (COTP). Title 49, Code of Federal Regulations, Sections 176.100 and 33 CFR 126.17.

5.      At all times material to this information, **COASTAL SHIPPING HOLDINGS, LLC** was a hazmat employer in that **COASTAL SHIPPING** used one or more of its employees in connection with transporting hazardous materials in commerce and causing hazardous materials to be shipped in commerce.

**<u>Count 1</u>**
**Failure of Hazmat Employer to Train Hazmat Employees**
**(49 U.S.C. § 5124)**

1.      Paragraphs 1 through 5 of the Background section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2.      From on or about January 1, 2007, through on or about August 11, 2012, in Broward County, in the Southern District of Florida, the defendant,

**COSTAL SHIPPING HOLDINGS, LLC,**

being a hazmat employer, did recklessly fail to ensure that each of its hazmat employees was trained in accordance with the requirements prescribed in the Training subpart to the Hazardous Materials Regulations, including the requirement that each hazmat employee be provided

3

function specific training on the requirements of the Hazardous Materials Regulations specifically applicable to the functions the employee performed; all in violation of the rules and regulations prescribed by the Department of Transportation, as set forth in Title 49, United States Code, Section 5124, Title 18, United States Code, Section 2, and Title 49, Code of Federal Regulations, Sections 172.702(a), 172.704(a), and 176.13.

### Count 2
### Loading Explosives Without Permit or Approval
### (49 U.S.C. § 5124)

1.  Paragraphs 1 through 5 of the Background section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about August 11, 2012, in Broward County, in the Southern District of Florida, the defendant,

**COSTAL SHIPPING HOLDINGS, LLC,**

acting through its agents and employees, who were acting within the scope of their agency and employment for the intended benefit of **COASTAL SHIPPING HOLDINGS, LLC**, recklessly loaded, handled, and stowed a hazardous material, that is, Division 1.1 and 1.2 (explosive) material on board a vessel at a port and place in the United States, that is, Port Everglades, Florida, without Coast Guard Captain of The Port permit and approval, in violation of the rules and regulations prescribed by the Department of Transportation, as set forth in Title 49, United States Code, Section 5124, Title 49, Code of Federal Regulations

Section 176.100, and Title 33, Code of Federal Regulations, Section 126.17.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

COASTAL SHIPPING HOLDINGS, LLC,

    Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami    ____ Key West
_x__ FTL    ____ WPB    ____ FTP

New Defendant(s)    Yes ____    No ____
Number of New Defendants    ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)       (Check only one)

   I    0 to 5 days    _x_      Petty    ____
   II    6 to 10 days    ____      Minor    ____
   III    11 to 20 days    ____      Misdem.    ____
   IV    21 to 60 days    ____      Felony    _x_
   V    61 days and over    ____

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No) ____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes   _X_ No

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 172847

*Penalty Sheet(s) attached                          REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: COASTAL SHIPPING, LLC

**Case No**: _____

Count #: 1

Failure of a Hazmat Employer to Train Hazmat Employees

Title 49, United States Code, Section 5124; 49 C.F.R. §§ 172.702(a), 172.704(a) & 176.13

*Max.Penalty:  $500,000 Fine or Twice the Gross Gain

Counts #: 2

Loading Explosives Without Permit or Approval

Title 49, United States Code, Section 5124; 49 C.F.R. § 176.100 & 33 C.F.R. § 126.17

*Max.Penalty:  $500,000 Fine or Twice the Gross Gain

Counts #:

_____

_____

*Max.Penalty:

Counts #:

_____

_____

*Max.Penalty:

* Refers only to possible fine, and does not include possible restitution, special assessments, term of probation, supervised release, or forfeiture that may be applicable.