UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>13-60244-CR-MARRA(s)</u>
49 U.S.C. § 5124
18 U.S.C. § 2
49 C.F.R. § 172.702(a)
49 C.F.R. § 172.704(a)
49 C.F.R. § 176.13
49 C.F.R. § 176.100
33 C.F.R. § 126.17

UNITED STATES OF AMERICA

v.

COASTAL SHIPPING HOLDING, INC.,

Defendant.
_____/



## SUPERSEDING INFORMATION

The United States Attorney charges that:

### Background

At all times relevant to this Superseding Information:

1. The Federal Hazardous Materials Transportation Law ("FHMTL"), Title 49, United States Code, Section 5101 et seq., was enacted by Congress to provide adequate protection against the risks to life and property inherent in the transportation of hazardous materials in commerce, as defined in Title 49, Code of Federal Regulations, Section 171.8. The FHMTL designates materials, including explosives, as hazardous when transported in a particular amount and form and which may pose an unreasonable risk to health and safety or

property. Title 49, United States Code, Section 5103(a). The FHMTL also prescribes criminal penalties for anyone who willfully violates the hazardous materials regulations. Title 49, United States Code, Section 5124.

2. Title 49, Code of Federal Regulations, Sections 100 through 185, set forth the regulations for transportation of hazardous materials in intrastate, interstate, and foreign commerce, including transportation by public highway, motor vehicle and vessel. Any person who transports hazardous materials by public highway for a commercial purpose must ensure that the hazardous materials shipment is properly classified, described, packaged, marked, labeled, and in condition for shipment in accordance with the hazardous materials rules and regulations.

3. The Hazardous Materials Table, contained in Title 49, Code of Federal Regulations, Section 172, identifies materials that are classified as hazardous and, therefore, regulated. Division 1.1 and 1.2 (explosive) materials are subject to the hazardous materials regulations. Title 49, Code of Federal Regulations, Sections 172.101, 172.328, and 173.120.

4. Title 49 of the Code of Federal Regulations sets forth specific regulations that govern the transportation of hazardous materials:

    a. A hazmat employer must ensure that each of its hazmat employees is trained to be familiar with the requirements of the Hazardous Materials Regulations specifically applicable to the functions the employee performed, including the transportation of hazardous materials onboard

2

a vessel. Title 49, Code of Federal Regulations, Sections 172.702(a), 172.704(a), and 176.13.

    b.    Division 1.1 and 1.2 (explosive) materials may not be loaded on or unloaded from a vessel at a port and place in the United States without the approval of and a permit issued by the United States Coast Guard Captain of the Port (COTP). Title 49, Code of Federal Regulations, Sections 176.100 and 33 CFR 126.17.

5.    At all times material to this Superseding Information, **COASTAL SHIPPING HOLDING, INC. ("COASTAL SHIPPING")** was a hazmat employer in that **COASTAL SHIPPING** used one or more of its employees in connection with transporting hazardous materials in commerce and causing hazardous materials to be shipped in commerce.

## Count 1
### Failure of Hazmat Employer to Train Hazmat Employees
### (49 U.S.C. § 5124)

1.    Paragraphs 1 through 5 of the Background section of this Superseding Information are re-alleged and incorporated by reference as though fully set forth herein.

2.    From on or about January 1, 2007, through on or about August 11, 2011, in Broward County, in the Southern District of Florida, the defendant,

**COASTAL SHIPPING HOLDING, INC.,**

being a hazmat employer, did recklessly fail to ensure that each of its hazmat employees was trained in accordance with the requirements prescribed in the Training subpart to the Hazardous

3

Materials Regulations, including the requirement that each hazmat employee be provided function specific training on the requirements of the Hazardous Materials Regulations specifically applicable to the functions the employee performed; all in violation of the rules and regulations prescribed by the Department of Transportation, as set forth in Title 49, United States Code, Section 5124, Title 18, United States Code, Section 2, and Title 49, Code of Federal Regulations, Sections 172.702(a), 172.704(a), and 176.13.

## Count 2
### Loading Explosives Without Permit or Approval
### (49 U.S.C. § 5124)

1. Paragraphs 1 through 5 of the Background section of this Superseding Information are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about August 11, 2011, in Broward County, in the Southern District of Florida, the defendant,

**COASTAL SHIPPING HOLDING, INC.,**

acting through its agents and employees, who were acting within the scope of their agency and employment for the intended benefit of **COASTAL SHIPPING HOLDING, INC.**, recklessly loaded, handled, and stowed a hazardous material, that is, Division 1.1 and 1.2 (explosive) material on board a vessel at a port and place in the United States, that is, Port Everglades, Florida, without Coast Guard Captain of The Port permit and approval, in violation of the rules and regulations prescribed by the Department of Transportation, as set forth in Title 49, United States Code, Section 5124, Title 49, Code of Federal Regulations Section

176.100, and Title 33, Code of Federal Regulations, Section 126.17.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

COASTAL SHIPPING HOLDING, INC.,

    Defendant.
_____/

CASE NO. 13-60244-CR-MARRA(s)

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division**: (Select One)

\_\_\_\_ Miami    \_\_\_\_ Key West
_X_ FTL    \_\_\_\_ WPB    \_\_\_\_ FTP

New Defendant(s)    Yes \_\_\_\_ No _X_
Number of New Defendants
Total number of counts    2

I do hereby certify that:

1. I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    No
   List language and/or dialect

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | (Check only one) | |
   |---|---|---|---|---|
   | I | 0 to 5 days | x | Petty | |
   | II | 6 to 10 days | | Minor | |
   | III | 11 to 20 days | | Misdem. | |
   | IV | 21 to 60 days | | Felony | x |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No)    Yes
   If yes:
   Judge: Kenneth A. Marra    Case No. 13-60244-CR-MARRA
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) \_\_\_\_
   If yes:
   Magistrate Case No.
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes \_\_\_\_ _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    Yes \_\_\_\_ _X_ No

                                       _____
                                       ALEJANDRO O. SOTO
                                       ASSISTANT UNITED STATES ATTORNEY
                                       Florida Bar No./Court No. 172847

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: COASTAL SHIPPING HOLDING, INC.

**Case No**: 13-60244-CR-MARRA(s)

Count #: 1

Failure of a Hazmat Employer to Train Hazmat Employees

Title 49, United States Code, Section 5124; 49 C.F.R. §§ 172.702(a), 172.704(a)( & 176.13

*** Max.Penalty**:   $500,000 Fine or Twice the Gross Gain

Count #: 2

Loading Explosives Without Permit or Approval

Title 49, United States Code, Section 5124; 49 C.F.R. § 176.100 & 33 C.F.R. § 126.17

***Max. Penalty:**   $500,000 Fine or Twice the Gross Gain

Count #:

***Max. Penalty:**

Count #:

***Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.