UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **13-60244-CR-MARRA(s)**

UNITED STATES OF AMERICA,

vs.

COASTAL SHIPPING
HOLDING, INC.,

    Defendant.
_____/

**PLEA AGREEMENT**

The United States of America and **COASTAL SHIPPING, INC.**, (hereinafter also referred to as the "defendant"), enter into the following agreement:

A. **TERMS OF THE AGREEMENT**

1. The defendant agrees to plead guilty to the Superseding Information, which charges the defendant in Count 1 with recklessly failing to ensure that each of its hazmat employees was trained in accordance with the Training subpart to the Hazardous Materials Regulations, in violation of the rules and regulations of the Department of Transportation, in violation of Title 49, United States Code, Section 5124 and Title 49, Code of Federal Regulations, Sections 172.702(a), 172.704(a), and 176.13, and in count 2 with recklessly loading a hazardous material on board a vessel at a port and place in the United States without Coast Guard Captain of The Port permit and approval, in violation Title 49, United States Code, Section 5124, and Title 49, Code of Federal Regulations, Section 176.100 and Title 33, Code of Federal Regulations, Section 126.17.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and

1

that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guideline range. Defendant waives any constitutional challenge to the Sentencing Guidelines, waives indictment and trial by jury on all findings relevant to sentencing, and agrees that the Court may make all such findings by a preponderance of the evidence based on any reliable evidence, including hearsay. The defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant acknowledges that it has discussed this waiver and its consequences fully with its attorney and that the defendant understands the nature and consequences of the waiver.

3. The defendant also understands and acknowledges that the Court: a) may impose a term of probation of not less than one year nor more than five years; b) may impose a fine of up to the greater of (i) $500,000 for each count of conviction or (ii) twice the amount of either the pecuniary gain from the offense or the gross pecuniary loss from the offense to persons and organizations other than the defendant; and c) may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of four hundred dollars ($400.00) per count of conviction will be imposed on the defendant and must be paid at or before the date of sentencing.

5. The Office of the United States for the Southern District of Florida (Office) reserves

the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quantity of punishment.

6. The United States and the defendant agree and understand that Section 2Q1.2 of the Sentencing Guidelines, which pertains to environmental offenses, apply to the criminal conduct charged in the Superseding Information. The parties further agree that the fine provisions of Chapter 8, specifically Sections 8C2.2 through 8C2.9, relating to applicable fines for organizations, do not apply to environmental crimes.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that a criminal fine in the amount of $750,000.00 is appropriate and should be imposed pursuant to Title 18, United States Code, Section 3571(c). This amount is to be paid in full at sentencing and made payable to the United States Courts.

8. The defendant agrees that it will provide to the United States written evidence in the form of a certified resolution by its Board of Directors, certifying that the defendant is authorized to plead guilty to the charge as set forth in the Superseding Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the designated corporate representative, Michael Grandonico, President of Coastal Shipping Holding, Inc., is authorized to take these actions and that all corporate formalities, including, but not limited to, the approval required for such authorization, have been observed. The defendant agrees to have the designated representative act on its behalf in these criminal proceedings, appear on the defendant's behalf to enter the guilty plea, and to appear for the imposition of sentence.

9.     The defendant is aware that Title 18, United States Code, Section 3842, affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution or community service order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. This appeal waiver includes a waiver of the right to appeal the sentence on the ground that the Sentencing Guidelines are in any respect unconstitutional, or on the grounds that any fact found by the Court at sentencing was not alleged in the Superseding Information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights, except for the waiver of appeal on the ground that the Sentencing Guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court at sentencing was not alleged in the Superseding Information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt.  By signing this agreement, the defendant acknowledges that the Board of Directors and all appropriate corporate representatives have discussed the appeal waiver set forth in this agreement with defendant's attorney.  The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence imposed in this case was made knowingly and voluntarily.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant recognizes that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO FERRER
UNITED STATES ATTORNEY

Date: 10/18/13   By: _____ For
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY

Date: [signature] 10/18/2013   By: _____
LILLY ANN SANCHEZ
COUNSEL FOR DEFENDANT COASTAL SHIPPING HOLDING, INC.

Date: Oct. 18/2013   By: _____
MICHAEL GRANDONICO
PRESIDENT, COASTAL SHIPPING HOLDING, INC.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60244-CR-MARRA(s)

UNITED STATES OF AMERICA

vs.

COASTAL SHIPPING HOLDING, INC.,

Defendant.
_____ /

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and Coastal Shipping Holding, Inc. (hereinafter referred to as the "defendant") agree that if this case proceeded to trial, the government would prove the following facts beyond a reasonable doubt:

1. At all relevant times, the defendant was a cargo shipping company doing business at Port Everglades, Florida, in Fort Lauderdale. The defendant owned and operated through a subsidiary a warehouse and offices located just outside of Port Everglades, a facility within Port Everglades, and two cargo ships.

2. At all relevant times, the defendant used one or more of its employees in connection with transporting hazardous materials in commerce and causing hazardous materials to be shipped in commerce and, as such, was a "Hazmat Employer."

3. On August 8, 2011, the defendant agreed to transport 26 boxes of boosters and 21 cases of detonating cords to a customer in Nassau, the Bahamas for a construction project. The boosters and detonating cords are listed in the Hazardous Materials Table as division 1.1

1

explosives.

4. Despite the fact that the defendant was a Hazmat Employer, and had been since 2007, it recklessly failed to ensure that each of its hazmat employees received function specific training on the requirements of the Hazardous Materials Regulations specifically applicable to the functions performed by the employee, in this case, the transportation of explosives.

5. As a result, when the defendant's hazmat employees agreed to transport the explosives, they did so without the necessary approval of or permit from the United States Coast Guard's Captain of the Port (COTP). As a result of the defendant's reckless failure to train its hazmat employees, they were unaware that Division 1.1 explosives could not be transported through Port Everglades at all, because, among other reasons, Port Everglades is South Florida's primary storage and distribution center for petroleum.

6. On August 10, 2011 a subcontractor for the defendant's customer delivered the explosives to the defendant at its facility located just outside of Port Everglades. When the driver arrived at the facility, Coast Guard personnel were not on site to inspect and approve the delivery, because the defendant had not even applied for a permit to transport the explosives through Port Everglades. The defendant's employees directed the driver to unload the explosives onto a pallet in an unsecured area of the facility, and not in a magazine as required by federal regulations. As a result, the driver contacted his supervisor and photographed the explosives where he left them before leaving the facility.

7. Later that morning, the defendant's employees loaded half of the explosives onto a container, loaded the container onto a trailer, and delivered the explosives to the defendant's dockside facility within Port Everglades. The explosives were not secured in a magazine and

were not placarded during the drive from the defendant's warehouse to its dockside facility within Port Everglades in accordance with Federal Regulations.

8. The defendant's employees then loaded the explosives onto one of the defendant's cargo ships, which was bound for Nassau. However, a hazardous cargo manifest had not been prepared before the explosives were loaded onto the ship. In addition, the explosives when loaded were not placarded. As a result, the defendant's employees working at its dockside facility did not properly segregate the explosives from other hazardous materials before loading them onto the vessel.

9. The Coast Guard responded to the defendant's port side facility after receiving a tip regarding the defendant's attempt to transport explosives through Port Everglades. Coast Guard personnel requested a cargo manifest, and were told by the defendant's terminal manager that there were no hazardous materials at the facility. At the defendant's warehouse just outside of Port Everglades, Coast Guard personnel located half of the explosives, the boosters, sitting unattended on a pallet. Coast Guard personnel were told that the detonators had already been loaded onto one of the defendant's vessels. At the defendant's port-side facility, Coast Guard personnel located the container with the detonating cords onboard the defendant's cargo ship. The explosives were not in the required magazine, the container was not properly placarded or segregated from other dangerous cargo on the vessel, and the container had not been loaded onto the vessel last, as required by Title 49, Code of Federal Regulations, Sections 171, 172, 173, and 176. The Coast Guard Captain of the Port immediately issued an order shutting down the port.

10. When interviewed, several of the defendant's hazmat employees acknowledged that they were unaware of the requirement that they receive a permit from the COTP before

3

transporting explosives through a United States Port, and were unaware that explosives could not be transported through Port Everglades at all. Those employees also stated that while they had received some training involving the transportation of hazardous materials, they had not received training regarding the transportation of explosives.

11.  At all relevant times, the defendant's employees were acting within the scope of their agency and employment for the intended benefit of the defendant.

Date: 10/18/13

Date: Oct 18 2013

Date: Oct. 18/2013

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____ For
ALEJANDRO O. SOTO
ASSISTANT U.S. ATTORNEY

By: _____
LILLY ANN SANCHEZ, ESQ.
COUNSEL FOR DEFENDANT

By: _____
MICHAEL GRANDONICO
PRESIDENT, COASTAL SHIPPING HOLDING, INC.

4

CERTIFIED CORPORATE RESOLUTION OF COASTAL SHIPPING HOLDING INC.

BE IT HEREBY RESOLVED by COASTAL SHIPPING HOLDING INC., A Florida Corporation, (Florida document No: L55543), hereinafter the "Corporation", held a duly noticed meeting on this 2nd day of October, 2013 and has resolved to the following:

1. That the Corporation and Officers and Directors certify that they have authorized the Corporation to enter a guilty plea and plea agreement in the Southern District Court of Florida, Case No: 13-60244-CR-MARRA/MATTHEWMAN, styled USA v. Coastal Shipping Holding Inc., to the charges as set forth in the Information filed September 30, 2013, (DE 1) and any amendments thereto, and to enter into and comply with all provisions of the plea agreement agreed to by the Corporation and the USA.

2. That the Corporation duly appoints Michael Grandonico, who is the President of the Corporation, with full authority to enter a guilty plea and plea agreement as the designated Corporation representative for these purposes.

3. That Michael Grandonico, as designated Corporation representative for Coastal Shipping Holding Inc., is authorized to take these actions and perform all duties and execute all documents to enter the plea and plea agreement and to act on the Corporation's behalf in those criminal proceedings, appear on the Corporation's behalf to enter the guilty plea, and to appear for the imposition of sentence and carry out the conditions of the plea agreement.

RESOLVED AND DONE by unanimous vote of the members this 2nd day of October, 2013 by COASTAL SHIPPING HOLDING INC.

_____
(Signature)

by Steven Ganoe as Chairman of COASTAL SHIPPING HOLDING INC.

_____
(Signature)

by Michael Grandonico as President of COASTAL SHIPPING HOLDING INC.

STATE OF FLORIDA
COUNTY OF PUTNAM

The forgoing Resolution was sworn to and subscribed before me this 2nd Day of October, 2013, by Michael Grandonico and Steven Ganoe as officers and directors of Coastal Shipping Holding Inc.

(NOTARY SEAL)

MATTHEW J. VALCOURT
MY COMMISSION # EE 003564
EXPIRES: July 24, 2014
Bonded Thru Notary Public Underwriters

(Signature of Notary Public-State of Florida)
(Name of Notary Typed, Printed, or Stamped)

Personally Known ✓